In a matrimonial action in which the parties were divorced by judgment dated February 20, 2001, the plaintiff father appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Marker, J.), dated September 4, 2007, as granted that branch of the motion of the defendant mother which was to direct him to reimburse her for one half of the cost of sending their children to private school, and to find him to be in civil contempt for his willful failure to comply with certain provisions of the parties’ stipulation of settlement.
Ordered that the order is affirmed insofar as appealed from, with costs.
The Supreme Court properly directed the father to reimburse the mother for one half of the cost of sending their children to private school. The father clearly agreed to do so in the stipulation of settlement, which was incorporated but not merged into *525 the judgment of divorce, and provides “[i]t is hereby understood and agreed by both parties that in the event the children shall attend private and/or parochial schools, each party shall be responsible for one-half of the expenses for such private schooling, including, but not limited to, tuition, room and board, registration fees, books, uniforms, transportation and related expenses.”
Moreover, the Supreme Court properly found the father to be in civil contempt for his willful failure to comply with the provisions of the stipulation of settlement that entitled the mother to authorizations to communicate directly with the children’s health insurance provider and the father’s life insurance provider. Lifson, J.E, Santucci, Balkin and Belen, JJ., concur.